**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ENRICO ZARATE RIVERA; et al., | No. 08-70106 |
| Petitioners, | Agency Nos. A070-784-320 |
|  | A070-784-321 |
| v. | A070-784-324 |
|  | A070-784-325 |
| ERIC H. HOLDER, Jr., Attorney General, |  |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010**

Before:     TASHIMA, BERZON, and CLIFTON, Circuit Judges.

Enrico Rivera and his family, natives and citizens of the Philippines, petition

for review of the Board of Immigration Appeals' order dismissing their appeal

from an immigration judge's decision denying their claims for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

The incidents of mistreatment at issue, including pushing Rivera into a taxi, pushing his wife at the front door of their home, and the general, unfulfilled threats of harm to Rivera and his family, do not compel a finding of past persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1017 (9th Cir. 2003) (incidents of pushing by police did "not compare to the severity of physical abuse that in other cases we have deemed persuasive to show persecution"); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment rather than persecution). Furthermore, substantial evidence supports the agency's finding that Rivera failed to establish an objective fear of persecution because the politician he opposed and fears problems from died, and he has not established an objective basis for fearing harm from the politician's son. *See Nagoulko*, 333 F.3d at 1018 (crediting petitioner's subjective fear but concluding her fear was "too speculative" and thus "not objectively reasonable under the circumstances of this case"). Accordingly, we deny the petition as to Rivera's asylum claim.

Because Rivera has failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Rivera's only argument regarding CAT is the erroneous statement that establishing eligibility for withholding of removal establishes his eligibility for CAT relief. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (CAT claim waived where petitioner argued only that standards for restriction on removal and CAT relief were the same and did not "specifically and distinctly" argue and raise the issue of relief under CAT) (internal citation and quotation omitted). Accordingly, we deny the petition as to Rivera's CAT claim.

**PETITION FOR REVIEW DENIED.**